CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 22 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SHARON P. AUSTIN )
         Plaintiff, ) Civil Action No. 7:13CV00251
)
v. ) **MEMORANDUM OPINION**
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, ) By:   Hon. Glen E. Conrad
)         Chief United States District Judge
         Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Sharon P. Austin, was born on September 13, 1970. While Ms. Austin has held several jobs for very short periods of time, the Administrative Law Judge found that she "has no past relevant work." (TR 22). On December 16, 2009, Ms. Austin filed an application for supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on January 1, 2003 due to multiple mental illnesses, bipolar mood swings, anger

issues, lack of focus, severe depression, hyperactivity, panic attacks, anxiety, back pain, arthritis, headaches, and joint pain. Plaintiff now maintains that she has remained disabled to the present time.

Ms. Austin's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 9, 2012, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Austin suffers from a history of polysubstance abuse; anxiety; post-traumatic stress disorder; bipolar/dysthymic disorder; panic disorder; personality disorder; lumbago; and shoulder arthralgia. (TR 14). Because of these impairments, the Law Judge ruled that plaintiff is disabled for anything more than a limited range of light work activity. The Law Judge assessed Ms. Austin's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she should avoid all exposure to hazardous machinery, unprotected heights, and climbing or ladders, ropes and scaffolds. The claimant is limited to simple, routine, and repetitive unskilled work tasks; no production rate or pace work with strict production standards; no interaction with the public; and no more than occasional interaction with co-workers and supervisors.

(TR 16). Given such a residual functional capacity, and after considering plaintiff's age, education, and lack of prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Ms. Austin retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Ms. Austin is not disabled, and that she is not entitled to supplemental security income benefits. See generally, 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals

2

Council. Having exhausted all available administrative remedies, Ms. Austin has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Austin suffers from a combination of physical and emotional conditions. The court believes that the medical evidence clearly supports the Law Judge's finding that plaintiff's severe physical problems do not prevent performance of lighter levels of work activity.[1] However, Ms. Austin's emotional problems, mood disorder, and personality deficiencies present a much closer question. According to plaintiff's testimony, she has received treatment for various emotional symptoms over a period of several years. She carries a diagnosis of bipolar disorder, and her doctors have provided treatment for panic, anxiety, anger, and depression.

---

[1] In this respect, the Law Judge rejected the findings of the state agency physicians who concluded that Ms. Austin did not have severe physical impairment. (TR 20). The Law Judge held that plaintiff's lumbago, shoulder problems, and arthritic complaints are so severe as to prevent performance of medium and heavy work activity, and that the same problems limit the range of sedentary and light work activity for which plaintiff is otherwise physically capable. Such findings are fully consistent with the medical record.

3

In conjunction with the adjudication of plaintiff's claim for supplemental security income benefits, the state disability agency referred Ms. Austin to Dr. Marvin A. Gardner, Jr., a clinical psychologist, for a consultative evaluation. The primary dispute in this case concerns the proper interpretation to be given to Dr. Gardner's psychological report. Ultimately, the Law Judge determined that Dr. Gardner's assessment supports a finding of residual functional capacity for simple, routine, and repetitive, unskilled work tasks not involving production work, interaction with the public, or more than occasional interaction with co-workers and supervisors.

Having reviewed all the evidence of record, the court must agree that the Law Judge's findings are not unreasonable, and that the Law Judge's assessment of plaintiff's residual functional capacity is supported by the medical record. At the administrative hearing, the Law Judge propounded a hypothetical question to a vocational expert which included assumptions based on the Law Judge's assessment of Dr. Gardner's report, as well as limitations associated with plaintiff's physical problems. In response, the vocational expert identified several specific light work roles in which plaintiff could be expected to perform. It appears to the court that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence of record. The court concludes that the Law Judge properly relied on the vocational expert's input in assessing plaintiff's capacity for alternate work activities. Thus, the court finds that the record supports the Law Judge's determination that Ms. Austin retains sufficient functional capacity to perform several specific work roles existing in significant number in the national economy. Inasmuch as the court has concluded that the Law Judge's opinion is supported by substantial evidence, it follows that the final decision of the Commissioner must be affirmed.

As noted above, in the court's view, this case turns on the weight, as well as the emphases, to be accorded to Dr. Gardner's psychological findings. On appeal, plaintiff maintains that the Law Judge improperly rejected certain of Dr. Gardner's findings, and that the Law Judge failed to state meaningful reasons in support of his assessment of the psychological report. More specifically, plaintiff contends that the Law Judge failed to take into account Dr. Gardner's observation that "claimant's marked impairment of concentration would produce marked work-related impairment of concentration, persistence, or pace." (TR 269). As noted by plaintiff, Dr. Gardner also observed that the claimant's "judgment is moderately to markedly impaired in daily life." (TR 268). Finally, plaintiff argues that Dr. Gardner's findings and assessment tend to support the credibility of much of plaintiff's testimony, and that the Law Judge improperly discounted that portion of the testimony suggesting inability to perform regular and sustained work activity.

While plaintiff's arguments are meaningful, and not without some support in the medical record, the court must ultimately conclude that the Law Judge's finding of residual functional capacity for a limited range of work is consistent with the consultative psychological report. Dr. Gardner specifically found that Ms. Austin is "able to perform simple and repetitive tasks and maintain regular attendance in the workplace." (TR 269). The Law Judge adopted this finding and included it in the hypothetical question posed to the vocational expert. The Law Judge also noted Dr. Gardner's determination that plaintiff is able to "perform work activities without special or additional supervision," and that she is able to "complete a normal workday or workweek without interruptions resulting from her psychiatric condition" (TR 269). .

As for plaintiff's concentration problems, the court notes that there is some reason to believe that Ms. Austin would enjoy a better level of performance if properly treated. At the time of his

5

evaluation on May 19, 2010, Dr. Gardner stated that Ms. Austin is "currently not taking any mental health medications." (TR 264). Finally, the court believes that in finding a residual functional capacity for a limited range of light exertion, the Law Judge properly relied on reports from two state agency psychologists who performed record reviews and offered opinions as part of the earlier adjudication of plaintiff's claim for benefits. Both state agency psychologists concluded that Ms. Austin experiences no more than moderate limitations, and that she is not disabled for all forms of work. (TR 60-64 and 73-77). Both psychologists explicitly considered and relied upon Dr. Gardner's consultative report in conducting their record reviews. The court finds that the Law Judge reasonably relied on these assessments in determining that Ms. Austin retains sufficient physical and emotional capacity to perform a limited range of light work activity. Given Dr. Gardner's psychological assessment, and the record reviews performed by the state agency psychologists, the court also believes that there is evidence to support the Law Judge's decision not to fully credit that portion of plaintiff's testimony in which she described incapacity for regular and sustained employment activity.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Austin is free of all pain, or that she does not experience depression, anxiety, panic attacks, and mood swings. Indeed, the medical record confirms that plaintiff suffers from severe physical problems, as well as bipolar disorder and personality disorders, which can be expected to result in physical limitations and worrisome emotional manifestations. However, as outlined above, the court believes that the Law Judge properly accounted for plaintiff's physical difficulties in assessing her residual functional capacity for work. Moreover, given Dr. Gardner's psychological assessment, the court finds that there is evidence to support the notion that Ms. Austin can perform simple, routine, and

6

repetitive unskilled work tasks which do not involve production requirements or substantial interaction with other people. It must be recognized that the inability to do work without any pain or subjective manifestations does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge gave reasonable consideration to all of the subjective factors supported by the medical record in adjudicating plaintiff's claim for benefits. As regards her physical problems, the court believes that the Law Judge gave Ms. Austin the benefit of the doubt in finding severe impairments. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 22 day of July, 2014.

*/s/ Jun Conrad*
Chief United States District Judge